IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, PLAINTIFF, | § § § § |
| V. | §  CIVIL NO. A-07-CA-820-LY |
| SALVADOR CHAVARRIA, GLENN D. LEFTWICH, AND JOHN A. NIETO, DEFENDANTS. | § § § § § |

# **FINAL JUDGMENT**[1]

Before the Court is the above styled and numbered cause. On October 3, 2007, the Court rendered an Agreed Order Of Judgment of Permanent Injunction And Other Relief As To Salvador Chavarria by which the Court permanently enjoined Chavarria from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5 (Clerk's Document No. 6). By the October 3, 2007 order, the Court held Chavarria liable for disgorgement of $153,240.77, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $16,673.43, and a civil penalty in the amount of $153,240.77.

Also on October 3, 2007, the Court rendered an Agreed Order Of Judgment of Permanent Injunction And Other Relief As To Defendant John A. Nieto by which the Court permanently enjoined Nieto from violating Section 10(b) of the Exchange Act and Rule 10b-5 promulgated

---

[1] Included here is the Court's ruling on the Securities and Exchange Commission's Motion For Disgorgement, Prejudgment Interest And Civil Penalties Against Defendant Glenn D. Leftwich filed on May 21, 2010 (Clerk's Document Nos. 22). That motion is granted to the extent set forth herein. In all other respects the motion is denied. This Final Judgment constitutes the Court's findings of fact and conclusions of law with regard to all disputed issues in this case.

thereunder (Clerk's Document No. 5). *See id.* By the October 3, 2007 order, the Court also held Nieto liable for disgorgement of $16,677.10, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,059.48, and a civil penalty in the amount of $16,677.10.

**Permanent restraining Order rendered against Defendant Glenn D. Leftwich**

On January 23, 2009, the Court rendered a Judgment As To Defendant Glenn D. Leftwich, by which the Court ordered Leftwich permanently restrained and enjoined from violating Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5 (Clerk's Document No. 9). *See id.* The January 23 order also held that Leftwich shall pay disgorgement of "ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 21A of the Exchange Act and that the Court shall determine the amounts of disgorgement and civil penalty upon motion of the [United States Securities and Exchange] Commission" ("Commission").

**Commission's motion for disgorgement, prejudgment interest, and civil penalties against Defendant Glenn D. Leftwich**

The Commission filed a Motion For Disgorgement, Prejudgment Interest And Civil Penalties Against Defendant Glenn D. Leftwich And Brief in Support and a Corrected Appendix in support of the motion on May 21, 2010 (Clerk's Document Nos. 22 & 25), Leftwich filed a response on June 1, 2010 (Clerk's Document No. 26), and the Commission filed a reply on June 14, 2010 (Clerk's Document No. 29). As the only issues remaining in this action are the Commission's claims against Leftwich for disgorgement of his profits, prejudgment interest on that amount, and a civil penalty

against Leftwich, the Court held a hearing on the motion on July 28, 2010, at which Leftwich appeared in person and both parties were represented by counsel.

Having considered the motion, the response, the reply, the exhibits, the evidence presented at the July 28 hearing, the arguments of counsel, the case file, and the applicable law, the Court will grant the Commission's motion, order disgorgement of Leftwich's profits from the activities alleged in the Complaint, and assess prejudgment interest and a civil penalty.

**Applicable law**

Once the Commission establishes that a defendant violated the securities laws, the Court possesses the equitable power to order disgorgement of any gains or profits the defendant attained due to the violation. *SEC v. Materia*, 745 F.2d 197, 201 (2d Cir. 1984). Disgorgement is "meant to prevent the wrongdoer from enriching himself by his wrongs." *SEC v. Huffman*, 996 F.2d 800, 802-03 (5th Cir. 1993). By preventing unjust enrichment, disgorgement also has a deterrent effect, which would be undermined if violators were not required to disgorge illicit profits. *See SEC v. Manor Nursing Ctrs., Inc.*, 458 F.2d 1082, 1104 (2d Cir. 1972). The amount of disgorgement ordered need only be a reasonable approximation of profits causally connected to the securities law violation. *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1475 (2d Cir. 1996).

Prejudgment interest is routinely added to disgorgement to ensure that a defendant does not profit from his securities law violation by retaining the time-value benefit of his gains. *Id.* at 1476-77. Additionally, prejudgment interest is traditionally calculated using the quarterly interest rate used by the Internal Revenue Service in calculating interest on underpayment of taxes, "which reasonably approximates what it would have cost to borrow the money from the government and

therefore reasonably approximates one of the benefits to defendant derived from [the] fraud."[2] *Id.* at 1476.

Finally, the Commission may request that the Court order a civil monetary penalty assessed against any individual who violates the securities laws by engaging in insider trading. *See* 15 U.S.C. § 78u-1(a)(2). The amount of a penalty "shall be determined by the Court in light of the facts and circumstances, but shall not exceed three times the profit gained." *Id.* Courts imposing a civil penalty often consider, among other things, the egregiousness of the violation, whether the violation was an isolated occurrence or whether there were repeated violations, the degree of scienter involved, the deterrent effect given the defendant's financial worth, and other penalties arising from the violations. *See SEC v. Lipson*, 278 F.3d 656, 664-65 (7th Cir. 2002).

**Analysis**

The Commission contends that in trading put options for Dell Corporation common stock Leftwich violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder and realized profits of $106,427.96. The Commission asks this Court to order disgorgement in that amount. Additionally, the Commission asks the Court to assess prejudgment interest for the period of August 1, 2005, through September 1, 2009, in the amount of $32,212.43, and to calculate the interest using the quarterly interest rate the Internal Revenue Service applies in computing interest on underpayment of taxes. Finally, the Commission asks the Court to assess the maximum civil penalty allowed by statute, which is three times the profit Leftwich gained from the activities alleged in the Complaint.

---

[2] The Internal Revenue Service underpayment rate is the sum of the "Federal short-term rate" plus three percentage points. *See* 26 U.S.C. § 6621(a)(2).

Leftwich responds that his financial condition has greatly deteriorated since the Commission filed this action and the action has adversely impacted his employment. Leftwich submitted several financial statements and testified about his past and current employment and financial situations. In summary, Leftwich's employment with Dell was terminated in January 2006. In April 2006, Leftwich found employment with a public company in Las Vegas, Nevada. However, upon the filing of this action in September 2007, the company terminated his employment. Although Leftwich attempted to obtain employment, he remained unemployed until January 2009, when he was hired as a consultant. In late 2009, Leftwich moved to New Hampshire, where he began employment with a private company earning roughly what he made in 2006. Recently, Leftwich sold his home in Las Vegas for less than his mortgage balance. Currently he is leasing an apartment in New Hampshire. Leftwich is a licensed Certified Public Accountant, holds an Masters degree in Business Administration, is forty years old, unmarried, and has no children. Leftwich holds some investments, which are retirement accounts. In 2005, Leftwich invested in a restaurant franchise venture that failed. Litigation followed the failed venture, which Leftwich contends resulted in a significant agreed judgment against him.[3] For unexplained reasons, neither Leftwich nor the Commission has been able to obtain a copy of the agreed final judgment rendered by the state district court in Williamson County, Texas, and it is not now before this Court.

Leftwich does not contest that he is liable for the violations alleged by the Commission. Further he agrees with the Commission that his trading violations led to his receiving profits of

---

[3] Leftwich believes the judgment to be in the range of $600,000, however, the Commission believes the judgment to be in the range of $432,000.

$106,427.96. Leftwich explained that upon receiving those profits in 2005, he paid capital-gains taxes on the profits at a rate of twenty-five percent.

Leftwich asks that, due to the facts and circumstances in this action, particularly Leftwich's financial situation, the fact that Leftwich acted alone, and lacking is any indication of a conspiracy with other individuals, the Court assess disgorgement in an amount less than that requested by the Commission and that the Court decline to assess prejudgment interest and a civil penalty.

Having reviewed all of the facts and circumstances in this action, the Court holds that Leftwich attained profits in the amount of $106,427.96 in violation of the Exchange Act. The Court holds that Leftwich paid capital-gains taxes of twenty-five percent on the $106,427.96 profits. The Court holds that Leftwich is liable for disgorgement of profits of $106,427.96, reduced by twenty-five percent, due to Leftwich's payment of capital gains taxes on that amount ($26,606.99), and will order Leftwich to pay disgorgement of profits in the amount of $79,820.97. Further, the Court holds that as a reduced disgorgement amount is appropriate, likewise a reduced prejudgment-interest amount is also appropriate. Therefore, the Court will order Leftwich to pay prejudgment interest in the amount of $24,159.33.[4] Finally, with regard to the Commission's request that the Court assess a civil penalty, as the purpose of assessing disgorgement of profits and a civil penalty is to deter others considering such actions, the Court holds that imposition of a civil penalty against Leftwich is appropriate. Although the Commission asks the Court to assess the maximum civil penalty allowed by statute against Leftwich, the Court finds and concludes that given the facts and circumstances in this action, such an amount would be excessive. In light of the fact that lacking

---

[4] The Court reaches this amount by reducing the prejudgment-interest amount requested by the Commission, $32,212.43, by twenty-five percent, $8,053.10.

from the record is any evidence Leftwich engaged others in a conspiracy to commit the securities law violations, that the evidence reveals Leftwich acted alone, that there is no evidence that any individuals other than Leftwich were affected by or benefitted from Leftwich's securities law violations, that Leftwich's violations were of a relatively short duration, and considering Leftwich's explanation that he engaged in the securities law violations only after observing other Dell officers' trades, the Court holds that a civil penalty in the amount of $79,820.97 is appropriate.

As all disputes in this cause are resolved, the Court renders the following final judgment pursuant to Federal Rule of Civil Procedure 58.

**IT IS ORDERED, ADJUDGED, AND DECREED**, that judgment is rendered in favor of Plaintiff Securities and Exchange Commission and against Defendant Glenn D. Leftwich as follows: Defendant Glenn D. Leftwich is liable for disgorgement of $79,820.97, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $24,159.33, and a civil penalty in the amount of $79,820.97, pursuant to section 21A of the Exchange Act [15 U.S.C. § 78u-1], for a total amount of $183,801.27, together with interest thereon at the rate of 0.25% from the date of this Final Judgment until paid in full.

Defendant Glenn D. Leftwich shall satisfy this obligation by paying all amounts due within 30 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Glenn D. Leftwich as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that

payment is made pursuant to this Final Judgment. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**IT IS FURTHER ORDERED** that this Court's Orders of October 3, 2007, and January 23, 2009, shall constitute a part of this Final Judgment and shall be enforced as such.

**IT IS FURTHER ORDERED** that all relief not expressly granted is hereby **DENIED**.

**FINALLY, IT IS ORDERED** that this action is hereby **CLOSED**.

SIGNED this __27th__ day of August, 2010.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE